DANIEL BATTS, PLAINTIFF-APPELLEE, v. EASTERN MU-
TUAL LIFE CORPORATION, A CORPORATION, DE-
FENDANT-APPELLANT.

Submitted May 2, 1939—Decided August 14, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PORTER.

For the plaintiff-appellee, *Mintz & Herships* (*Hymen B.
Mintz*, of counsel).

For the defendant-appellant, *Joseph M. Alsofrom.*

BROGAN, CHIEF JUSTICE. This is an appeal from a judg-
ment of the District Court of the Second Judicial District of
Hudson county. The specification of determinations with
which the appellant is dissatisfied in point of law are six in
number. Three of those points are argued. The first is that
the court fell into error in refusing to permit Dr. Inge, a
witness for the defendant, to refresh his memory from cer-

tain records made by the doctor. The second is that the court erred in refusing to have the memorandum in question read into the record after it was admitted in evidence. The third is that the court erred as a matter of law in finding a judgment for the plaintiff because the finding is not warranted by the testimony.

The complaint discloses that on December 1st, 1937, the defendant, insurance company, in consideration of the premiums paid and to be paid, issued an insurance policy on the life of Nettie Batts; the plaintiff was the named beneficiary; on March 16th, 1938, while the aforesaid policy of insurance was in full force and effect the insured person died and the defendant refused to pay the amount due plaintiff as beneficiary. The learned trial judge found for the plaintiff awarding him the sum of $200, the amount for which deceased was insured, and the defendant insurance company appeals from the judgment that was entered thereon. The policy in question is what is known as a "non-medical" policy.

The gist of the appeal centers around the answer made by decedent, in her application for insurance, to question No. 11, which is as follows: "What surgical operation, injuries, illness or treatment by or consultations with physicians or practitioners, have you had during the last seven years?" to which the answer was "None." It now appears in the testimony of a Dr. Palmer that in March, 1937 (the policy was issued on December 1st, 1937), he had treated deceased; and in answer to the question as to what he treated her for he replied, "some simple ailment, something about a grippe, or cold, or something like that." But this, we think, was not such a false statement as to bar a right to recovery since we cannot conceive that the treatment of a transitory or temporary indisposition would materially affect the acceptance of the risk. Compare *Clayton* v. *General Accident, Fire and Life Assurance Co.*, 104 *N. J. L.* 364.

The cause of death of the assured was myocarditis and possibly cancer of the stomach.

As to the first ground of appeal argued in the brief, it seems that Dr. Inge, for the defense, testified that he made a memorandum of the history of decedent's case at the time

the assured was in the hospital; that he could not remember what he learned at that time without consulting his notes; that he examined the patient on March 12th, 1938, four days before her death. The complaint is that the doctor was not permitted to testify from those notes. Of course, it is elementary that a witness, under these circumstances, should be permitted to refresh his recollection. The doctor said he had no recollection of the case unless he read his memorandum; and he should have been permitted to do so to refresh his recollection. But that incident was not harmful, in our view, since the court received the memorandum in evidence which, under the circumstances, was more than the defendant was entitled to. The case was tried without a jury and the court announced that he had read the memorandum after it had gone into evidence and that it was therefore unnecessary for the doctor to read it to him. Obviously, since the court had read the doctor's memorandum no purpose was served by having the doctor read it again into the record.

One further observation should be made. The defense to the claim was presented on the theory that the deceased had misrepresented certain conditions material to the contract of insurance. Nothing in the "history of the case" as written out by Dr. Inge, had anything whatever to do with deceit on the part of the decedent at the time she applied for this "non-medical" policy of insurance.

The last point—that the evidence did not afford a basis for the verdict—has no merit.

The judgment is affirmed, with costs.