311 P.2d 652

Lawrence J. MASON, Plaintiff-Appellant,

v.

Walter C. SALOMON and Marrian S. Salomon, Defendants-Appellees.

No. 6206.

Supreme Court of New Mexico.

May 20, 1957.

426

business and the real property on which it was located. On November 21, 1955, they entered into an escrow contract whereby they agreed to sell and Lawrence J. Mason agreed to buy said property. Of the purchase price, $15,000, in cash, was to be placed by Mason in escrow with the First National Bank of Roswell, New Mexico, $3,000 as earnest money, upon execution of the contract and the balance of $12,000 on December 1, 1955. It was provided that "time is the essence of this contract in all particulars." The Salomons' "warranted that their gross receipts from room rentals for the year 1954 amounted to $26,700, which amount does not include rentals from commercial space on the first floor of the building."

The trial was to the court. At the conclusion of all of the evidence the court dismissed plaintiff's complaint and rendered judgment for defendants' on their cross-complaint, and plaintiff appeals.

The court made the following findings of fact:

Bean, Osborn & Snead, Roswell, for appellant.

Frazier & Cusack, Roswell, for appellees.

LUJAN, Chief Justice.

Walter C. Salomon and Marrian S. Salomon, his wife, were the owners of a hotel

"No. 2. That there was no fraud or misrepresentation on the part of the Defendants in connection with the execution of the contract between the parties covering the Del Rio Hotel property.

"No. 3. That the Plaintiff failed to make the payments provided by the

contract between the parties and the Defendants should recover the sum of $2,700.00, representing the payments due on the 1st of each month from January to June, 1956, inclusive, together with interest of 5% on the sum of $115,000.00 from December 1, 1955, up to June 1, 1956, in accordance with the provisions of the contract between the parties, such interest amounting to $2,875.00."

Based upon the above findings the court concluded as a matter of law:

"No. 1. That Plaintiff is not entitled to rescind his contract with Defendants, and that Plaintiff's Amended complaint be dismissed.

"No. 2. That Defendants should recover of and from Plaintiff the sum of $2,700.00 for monthly payments due on the contract between the parties for the months beginning January 1, 1956, and ending June 1, 1956, both inclusive, together with $2,875.00 interest on the unpaid balance of $115,000.00 beginning December 1, 1955, and ending June 1, 1956; that Defendants further recover the sum of $500.00 from Plaintiff for attorney fees, and all costs herein expended."

Having in mind the general rule that all intendments are in favor of the judgment and that this court must accept as true all evidence tending to establish the correctness of the findings as made, taking into account as well all inferences which might reasonably have been thought by the trial court to lead to the same conclusion, we are satisfied that there is sufficient evidence to uphold the above findings made by the trial court and the conclusion of law based thereon.

The plaintiff admitted, at the trial, that the defendants did not perpetrate a fraud upon him based upon the warranty inserted in the contract at the instance of his own attorney, to the effect that the revenue from gross room rentals for the year 1954 amounted to $26,700. On cross examination he testified:

"Q. * * * You made a mistake as to that first allegation of fraud? A. I believe that would be true.

"Q. And you do not claim they have defrauded you in that instance at this time? A. No, sir.

"Q. That eliminates one allegation of fraud then, does it not? A. Yes, sir."

Having admitted that the defendants did not defraud him as hereinabove shown, the plaintiff then theorized that the contract should have been based upon the revenue

derived from room rentals for the year 1955, although there is nothing in the record tending to show that these figures were ever discussed with his attorney who counseled and advised him in the matter prior to the time he signed the contract, and that the defendants suppressed these figures from him. The plaintiff testified that he repeatedly asked defendants for the 1955 figures. On the other hand the defendants testified that he never did ask for said figures and that there never was any discussion on the subject. The court chose to believe the testimony of the defendants.

We think the facts as shown by the record fall short of those required to make out a case of fraudulent concealment. The cases which hold that failure to disclose material information constitutes fraudulent concealment sufficient to maintain an action for fraud generally are based on such facts as the existence of a fiduciary relationship between the parties, or the doing of some affirmative acts to prevent the other party from making adequate investigation to discover the true facts.

"* * * Concealment becomes a fraud where it is effected by misleading and deceptive talk, acts, or conduct, where it is accompanied by misrepresentations, or where, in addition to a party's silence, there is any statement, word, or act on his part which tends affirmatively to a suppression of the truth, to a covering up or disguising of the truth, or to a withdrawal or distraction of a party's attention from the real facts; then the line is overstepped, and the concealment becomes a fraud. Such conduct is designated 'actual concealment', and it produces the same result in law as positive misrepresentation." 23 Am.Jur. on Fraud and Deceit. § 93.

Here there was no fiduciary relationship—the parties were obviously dealing at arm's length and were counseled and advised by able attorneys of their own choice. The transaction was based solely upon the warranty inserted in the contract at the instance of plaintiff's attorney, hence there was no legal duty imposed upon defendants' to disclose all they knew about the revenue derived from room rentals for the year 1955, same not being a part of the contract.

On cross-examination the plaintiff testified:

"Q. * * * This entire transaction was based on 1954 figures as guaranteed in the contract, is that correct? A. That is all that is in the contract.

"Q. That is what your contract was based on? A. That is what the contract is based on.

"Q. That is what they warranted in the contract, is that correct? A. Yes, sir."

The rule is that transactions are presumed to be fair and honest until the contrary is proved by clear and convincing evidence, Carter v. Carter, 283 Ill. 324, 119 N.E. 269, although it is not required that fraud be established by direct and positive proof. Frear v. Roberts, 51 N.M. 137, 179 P.2d 998. Fraud is not presumed but must be proved like any other fact by clear and convincing evidence. Greene v. Esquibel, 58 N.M. 429, 272 P.2d 330. It is not sufficient that there be mere suspicion of fraud but fraud, if it exists, must be satisfactorily shown. First National Bank of Albuquerque v. Lesser & Lewinson, 10 N.M. 700, 65 P. 179; Shaw v. Board of Education, 38 N.M. 298, 31 P.2d 993, 93 A.L.R. 432. And the burden is upon the party alleging fraud to establish its existence by clear and convincing evidence. Lumpkins v. McPhee, 59 N.M. 442, 286 P.2d 299. This the plaintiff failed to do.

Other propositions are presented and discussed but we find them without merit and will not be discussed.

Finding no reversible error the judgment will be affirmed.

It is so ordered.

SADLER, McGHEE, COMPTON and KIKER, JJ., concur.