347 P.2d 755

**Corinne R. MOSELY, Plaintiff-Appellee,**

v.

**NATIONAL BANKERS LIFE INSURANCE COMPANY, a Corporation, Defendant-Appellant.**

**No. 6541.**

Supreme Court of New Mexico.

Dec. 17, 1959.

Gallagher & Walker, Albuquerque, for appellant.

Dale B. Dilts, Albuquerque, for appellee.

MOISE, Justice.

This is an action upon three certain health and accident policies issued by appellant to appellee. They are described as a daily hospital expense policy, a medical and surgical policy, and an accident policy.

In November, 1956, appellee was employed as a saleslady by appellant. About two months later appellee applied for the policies in question and they were issued. Thereafter, on May 4, 1957, she was injured in an accident while getting out of her car. Upon appellant refusing to make

**332**

payments as provided in the policies, this suit was filed resulting in a judgment in favor of plaintiff-appellee.

The principal defense made by defendant-appellant to the complaint was one of fraud which was added at the time of trial, to the effect that plaintiff-appellee had given false information, and she was in fact uninsurable, and if true facts had been known the policies would not have been issued. The only point made on this appeal is that Findings of Fact II and VI are not supported by the evidence.

These findings read as follows:

"II. That the plaintiff completed all the applications for the insurance policies mentioned herein in good faith and supplied all information required by said applications to the best of her ability."

"VI. That the plaintiff did not in any way (de)fraud the defendant in any of her applications for the insurance policies involved herein."

■ Appellant recognizes that in a case such as this when the attack is upon the findings, we will confine ourselves to determining if there is substantial evidence to support the same, and if so, to affirm the judgment, and by the same token if there is no substantial evidence to support the findings, we will set the judgment aside. Lopez v. Townsend, 42 N.M. 601, 82 P.2d 921.

Having set forth its one point for reversal, and then having stated the rule concerning the weight to be given to findings of the court, appellant reviews the evidence which it states "refutes the findings of fact Nos. II and VI."

■ In summary this evidence has to do with appellee's answers to questions 19 and 20 on the application for one of the policies. Question 19 asked her to name every physician or practitioner she had consulted for any purpose in the last five years. She named only Dr. Carr, whom she said she consulted in January, 1957, for bronchitis. Question 20 asked if she had ever had or been advised to have a surgical operation, to which she replied "yes, hysterectomy, 1951, Temple, Texas."

Appellant points to evidence that appellee suffered from "hemorrhoids to the extent that it was necessary for her to use a pillow to sit on in order to drive an automobile." How this enters into its claim that appellee's answers to questions 19 and 20 were false is not clear.

Appellant states that appellee failed to advise in answer to question 20 that she had a bladder operation and a childbirth repair performed in 1954. Appellee explained this by saying that these operations were sequels to her hysterectomy of which she advised appellant, and they were done by the same surgeon at the same place. Evidently the trial court accepted her explanation.

Next, appellant comments concerning evidence that appellee had a congenital back deformity and wore a brace, and further that numerous orthopedists had advised a back fusion. It is sufficient answer to this to point out that appellee denied any such deformity, and evidently the court believed her. Also, she denied any advice to have a fusion, except in 1948, some ten years before, she says a doctor suggested a spine operation and then changed his mind, and that she consulted two other "bone specialists" who said she didn't need the operation, and further that her trouble with her back was cleared up when she had the hysterectomy.

Appellant complains that in the application no mention was made of an injury to appellee's back and neck in a fall in a store in December, 1955, for which she received medical treatment. In answer the appellee points to another application form filled out by her some two weeks after the first one, and in which she states she consulted a doctor in December, 1955, and names him. Incidentally, it is interesting to note that the policy issued pursuant to this latter application is dated February 27, 1957, making it clear that appellant had this information when it issued the other policy on March 1, 1957.

Next, appellant points to four doctors consulted by appellee and not named in her answer to question 19. One of these was consulted in 1951, more than five years before the application. One was consulted in May, 1957, in connection with the accident out of which the controversy arose. Appellee admits she failed to name one doctor she consulted in 1955 for pneumonia, and as to the fourth, she admitted seeing a doctor about a virus but she didn't know his name. Evidently, the trial judge did not consider these omissions material, or that they indicated fraud.

Appellant argues that there were numerous inconsistencies in appellee's story and that she was not worthy of belief. It is sufficient answer to this to point out that the learned trial judge who was much better situated to pass upon the weight that should be given to the evidence of the various witnesses believed her, and it is not our function to reverse him in such a state of the record. Waters v. Blocksom, 57 N.M. 368, 258 P.2d 1135; Greene v. Esquibel, 58 N.M. 429, 272 P.2d 330.

Appellant, as authority for its position that the court erred in not finding the appellee guilty of fraud, in effect argues that false statements in an application for insurance is fraud per se, and cites certain statements of the note writer in an annotation in 131 A.L.R. commencing at page 617 on the general subject of "Materiality of false representations, in application for policy of insurance, as to whether applicant has consulted physicians." This note sets forth many cases holding as material a failure to advise of doctors consulted and

thus voiding policies issued thereon, but at the same time points out that in many cases and under certain circumstances the rule is otherwise.

◼ In the instant case we are constrained to hold that the court did not err. This Court has stated many times that fraud will not be presumed, but must be proved by clear and satisfactory evidence. Greene v. Esquibel, supra; Jones v. Citizens Bank of Clovis, 58 N.M. 48, 265 P.2d 366; Mason v. Salomon, 62 N.M. 425, 311 P.2d 652. From our narration of the evidence, the weakness therein to clearly establish fraud should be apparent. On the other hand, that there was substantial evidence to support the findings attacked is equally clear.

◼ We would point out that aside from question of fraud which was the specific defense pleaded it is not every misstatement in an application for health and accident insurance that is material, or that will avoid the policy issued pursuant thereto. It must be clear from the evidence that the false statement made by the applicant was knowingly false, and that it was material to the risk. Security Life Insurance Co. of America v. Brimmer, 8 Cir., 36 F.2d 176; Batts v. Eastern Mutual Life Corp., 123 N.J.L. 121, 8 A.2d 78.

In addition, and although not mentioned by counsel, reference should be made to § 58–11–11(c), N.M.S.A.1953, applicable to health and accident insurance, which reads as follows:

"The falsity of any statement in the application for any policy covered by this act (58–11–1 to 58–11–18) may not bar the right to recovery thereunder unless such false statement materially affected either the acceptance of the risk or the hazard assumed by the insurance company."

◼ In this connection it should be sufficient to point out that appellant produced not one word of proof that any false statement in the application "materially affected either the acceptance of the risk or the hazard assumed by the insurance company."

Without some proof to this effect in the record, the court could not determine either as a matter of law or as a fact that the acceptance of the risk or the hazard assumed by defendant-appellant had been materially affected, and being unable to so find, even though the statement may have been false, the statute required denial of the appellant's prayer that appellee's claim be barred. See cases in 131 A.L.R. commencing at page 647; 4 Couch on Insurance, §§ 885 and 889; 12 Appleman Insurance Law and Practice, § 7251 et seq; Trinity Reserve Life Ins. Co. v. Hicks, Tex.1957, 297 S.W.2d 345.

For the reasons stated we find no error in the judgment of the trial court, and accordingly affirm the same, and It Is So Ordered.

LUJAN, C. J., and McGHEE, COMPTON and CARMODY, JJ., concur.