742 P.2d 517 (1987)
106 N.M. 505
Victor A. VALDEZ, Plaintiff-Appellant, and
Janet Valdez, Plaintiff,
v.
Richard WARNER, Defendant, and
Z & E, Inc., a New Mexico Corporation, Defendant-Appellee.
No. 9043.
Court of Appeals of New Mexico.
June 2, 1987.
Certiorari Quashed on September 15, 1987.
*518 F.D. Moeller, Moeller & Burnham, Farmington, for plaintiff-appellant.
R. Thomas Dailey, R. Thomas Dailey, P.C., Farmington, for defendant-appellee.

OPINION
GARCIA, Judge.
Plaintiff appeals from the trial court's directed verdict and its refusal to give certain instructions pertaining to defendant Z & E, Inc.'s liability for the actions of its employee, defendant Warner. Plaintiff urges on appeal that the trial court erred in ruling that: 1) Warner's actions were not within the scope and course of his employment; 2) the parking lot of the bar was not part of "the premises" of the bar; and 3) instructions regarding negligent hiring and retention, negligent supervision, and punitive damages would not be given. Defendant Warner does not appeal the judgment rendered against him. We affirm in part and reverse and remand in part.

FACTS
This case arose from an incident that occurred in the parking lot of the "Turnaround Club" in Farmington, New Mexico. The Turnaround Club is a bar owned by Z & E, Inc. Warner, an employee of Z & E, Inc., assaulted and battered plaintiff Victor A. Valdez when the automobile owned by plaintiff, and in which he was riding, struck the parked automobile belonging to Warner. When Warner was told that his vehicle had been struck, he ran from the bar to the parking lot immediately outside of the bar and confronted plaintiff. Heated words were exchanged and when plaintiff sought to leave the area, Warner assaulted him. As a result, plaintiff suffered injuries to his eye.
The only instruction the jury received on negligence was with respect to defendant permitting Warner to become intoxicated on the job. The trial court evidently viewed the evidence as insufficient to support all but one of plaintiff's theories of defendant's negligence, and in effect, granted defendant's motion for a directed verdict as to plaintiff's claims based on respondeat superior, premises liability and negligent hiring and retention.

DISCUSSION
We note that the standard of review for a directed verdict is that the appellate court must view the evidence and all reasonable inferences in the light most favorable to the party resisting the motion. See Archuleta v. Pina, 86 N.M. 94, 519 P.2d 1175 (1974).

ISSUE NO. 1
Plaintiff contends that Warner was acting within the course and scope of his employment when he attacked plaintiff Victor A. Valdez. We cannot agree.
Under SCRA 1986, 13-407:
An act of an employee is within the scope of employment if:
1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and
2. It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.
In this case, it is fairly clear that defendant Warner was furthering his own interests when he attacked plaintiff. His purpose in leaving his duties at the bar and going outside was to see about the damage done by plaintiff to his personal car. Thus, the trial court's refusal to give an instruction on scope of employment was not in error. See Benham v. All Seasons Child Care, Inc., 101 N.M. 636, 686 P.2d 978 (Ct.App. 1984).

ISSUE NO. 2
Plaintiff argues that it was error for the trial court to refuse to give an instruction on premises liability since the duty owed to a plaintiff by an occupier of land extends "to the area which the plaintiff *519 has been invited to use or the area the defendant might reasonably expect the plaintiff to use." (emphasis added). SCRA 1986, 13-1311. See also Mitchell v. Pettigrew, 65 N.M. 137, 333 P.2d 879 (1958). We agree with plaintiff that the parking lot adjacent to Z & E, Inc.'s bar would be an area Z & E, Inc. might reasonably expect plaintiff to use. See Mitchell v. C & H Transportation Co., Inc., 90 N.M. 471, 565 P.2d 342 (1977). Moreover, plaintiff Victor Valdez testified that he was at the bar parking lot to deliver some prospective customers to the club, thus making him a business invitee. See SCRA 1986, 13-1303.
Our case law has noted on several occasions that an innkeeper may be liable for an assault on a business invitee by an employee.
Naturally, an innkeeper is not and cannot be an insurer of a guest or patron against personal injuries inflicted by another person on the premises, other than his servants or agents. Nevertheless, the proprietor of a place of business who holds it out to the public for entry for his business purposes, is subject to liability to guests who are upon the premises and who are injured by the harmful acts of third persons if, by the exercise of reasonable care, the proprietor could have discovered that such acts were being done or about to be done, and could have protected against the injury by controlling the conduct of the other patron.
Coca v. Arceo, 71 N.M. 186, 189, 376 P.2d 970, 973 (1962); accord Lindsay v. Hartog, 76 N.M. 122, 412 P.2d 552 (1966); Pittard v. Four Seasons Motor Inn, Inc., 101 N.M. 723, 688 P.2d 333 (Ct.App. 1984). See also Restatement (Second) of Torts § 344 (1965). The term "third persons" includes employees acting outside the scope of their employment. Restatement (Second) of Torts § 344 comment b; Pittard v. Four Seasons Motor Inn, Inc.
Z & E, Inc. argues that there is no authority under which a tenant of a shopping center is responsible for injuries sustained by business visitors in the common area of a shopping center unless the tenant was in control of the area. We decline to adopt defendant's narrow approach since the parking area in question was the one defendant would reasonably expect bar partrons to use. See Mitchell v. C & H Transportation Co., Inc. The question of Z & E, Inc.'s knowledge that harmful acts were being done or were about to be done is one of fact to be determined by the trier of fact. See Proctor v. Waxler, 83 N.M. 58, 488 P.2d 108 (Ct.App. 1971), aff'd, 84 N.M. 361, 503 P.2d 644 (1972). Thus, we hold that plaintiff's requested jury instruction on premises liability should have been accepted.

ISSUE NO. 3
In order to support an instruction on negligent hiring and retention, there must be evidence that the employee was unfit, considering the nature of the employment and the risk he posed to those with whom he would foreseeably associate, see Restatement (Second) of Agency § 213 comment d (1958), and that the employer knew or should have known that the employee was unfit. F & T Co. v. Woods, 92 N.M. 697, 594 P.2d 745 (1979). The liability flows from a direct duty running from the employer to those members of the public whom the employer might reasonably anticipate would be placed in a position of risk of injury as a result of the hiring. Ponticas v. K.M.S. Investments, 331 N.W.2d 907 (Minn. 1983); see also Williams v. Feather Sound, Inc., 386 So.2d 1238 (Fla.App. 1980) (when employee given access to townhouse passkey, employer had duty to make reasonable inquiry about employee's background).
For an employer to be liable for negligent hiring and retention there must be a connection between the employer's business and the injured plaintiff. See Note, The Responsibility of Employers for the Actions of Their Employees: Note, The Negligent Hiring Theory of Liability, 53 Chi-Kent L.Rev. 717 (1977). Frequently, this connection is established by the fact the injury occurred on the business premises while the employee was on duty and the plaintiff was there for business reasons. Compare Pittard v. Four Seasons Motor *520 Inn, Inc. (employer liable for assault by on-duty hotel employee on premises) with F & T Co. v. Woods (employer not liable where off-duty deliveryman assaulted plaintiff in her home). Finally, the negligent hiring or retention of the employee must have been the proximate cause of the injury. F & T Co. v. Woods.
In the present case there was evidence, although disputed, that defendant previously physically assaulted the son of the owner of defendant bar, that at one point he was banned from the bar for fighting, and that while working as a bouncer in the same bar he was involved in other physical altercations. He was hired in spite of his previous violent behavior. "Whether the hiring or retention of an employee constitutes negligence depends upon the facts and circumstances of each case." F & T Co. v. Woods, 92 N.M. at 701, 594 P.2d at 749. In this case, there was evidence from which a jury could have found that the owner of the bar was negligent in hiring Warner, with his background of violent behavior, for a job where he would be in constant contact with members of the public, most of whom would have been drinking and many of whom might tend to be argumentative. This was sufficient to support an instruction. See generally Evans v. Morsell, 284 Md. 160, 395 A.2d 480 (1978) (where an employee is expected to come in contact with the public, as is a bartender, the employer must make some reasonable inquiry about his fitness for the job).
Z & E, Inc. argues that Warner's conduct was not foreseeable because an employer could not anticipate that an employee such as Warner would leave his duties without permission, go to the parking lot upon learning that his car had been struck, and that an altercation would ensue in which the employee would jump into the back of a fleeing pickup truck and assault the driver of the truck. We are unpersuaded by this argument. "Foreseeability does not require that the particular consequence should have been anticipated, but rather that some general harm or consequence be foreseeable." Pittard v. Four Seasons Motor Inn, Inc., 101 N.M. at 730, 688 P.2d at 340.
We hold that plaintiff was entitled to an instruction on negligent hiring or retention. Notice of an employee's drinking problem and violent propensities may make an assault and battery by that employee on a business invitee or customer foreseeable. See id. The trial court erred in dismissing Count III of the complaint.

ISSUE NO. 4
Plaintiff cites no authority in his brief for his issue on negligent supervision. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal. In re Doe, 100 N.M. 764, 676 P.2d 1329 (1984). Moreover, there is no evidence in the record that plaintiff proposed an instruction on negligent supervision or that the trial court refused to give one. See Barnett v. Cal M, Inc., 79 N.M. 553, 445 P.2d 974 (1968).

ISSUE NO. 5
Although plaintiff again fails to cite authority for his issue on punitive damages, in light of our disposition of issues 2 and 3, we will remand on this issue as well. "Recovery of punitive damages is permissible if the jury finds the wrongdoer's conduct to be willful, wanton, malicious, reckless, oppressive, grossly negligent, or fraudulent and in bad faith." Gonzales v. Sansoy, 103 N.M. 127, 129, 703 P.2d 904, 906 (Ct.App. 1984). Although mere negligence is inadequate to establish liability for punitive damages, Hood v. Fulkerson, 102 N.M. 677, 699 P.2d 608 (1985), gross negligence is a sound basis for the award of punitive damages. Gonzales v. Sansoy. On remand, if sufficient evidence is presented for the jury to find defendant Z & E, Inc. grossly negligent, an instruction on punitive damages would then be proper.

CONCLUSION
In sum, we affirm the trial court's decision as to plaintiff's claim based on respondeat superior and as to negligent supervision. We reverse and remand for trial on the issues of premises liability and negligent hiring or retention. Because we reverse and remand for trial on these issues, *521 the trial court may consider the appropriateness of instructing the jury on punitive damages should the evidence so warrant.
In light of the foregoing, oral argument is unnecessary. The parties will bear their own appellate costs.
IT IS SO ORDERED.
MINZNER and APODACA, JJ., concur.