This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ISABEL and JASMINE CHACON,**

    Plaintiffs-Appellants,

v.                         **NO. 30,564**

**MAGNUM BUILDERS,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Geraldine E. Rivera, District Judge**

Gonzalez & Pizzonia, LLC
Justin Pizzonia
Albuquerque, NM

for Appellants

Klecan & Childress
Mark J. Klecan
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

    This appeal raises a question regarding the duty of care, if any, owed by a

general contractor to an unlicensed framing subcontractor. The general contractor hired a skilled subcontractor without actual knowledge that the independent subcontractor did not have the necessary license to perform the framing work. Because there is no issue of fact regarding whether the subcontractor had the necessary skill and fitness to do the framing work that he was hired to perform, we affirm the district court's grant of summary judgment in favor of the general contractor.

**BACKGROUND**

Plaintiffs presented no factual recitation for the benefit of this Court. As such, we assume the facts presented by Defendant are undisputed. Plaintiff Isabel Chacon (Chacon) injured his thumb while working as an independent subcontractor for Defendant on a building project. Chacon had worked as a framer for several years, and as an independent subcontractor for Defendant on approximately seven houses. Chacon provided his own tools while working as a subcontractor for Defendant.

Chacon considered himself a skilled framer and presented himself to Defendant as a skilled framer. Defendant did not train Chacon or supervise his work, and Chacon did not expect Defendant to train or supervise him. Defendant knew that his subcontractors must have a license in order to obtain liability insurance, and the subcontract agreement between Chacon and Defendant required Chacon to provide his own liability insurance. Chacon presented a certificate of insurance to Defendant,

2

and Defendant claims that he believed Chacon was both licensed and insured.

Chacon's thumb injury occurred when his saw malfunctioned. As a result of his injury, Plaintiffs brought suit against Defendant for negligently hiring Chacon, providing him with unsafe materials, and loss of consortium. Defendant then moved for summary judgment on Plaintiffs' claims, arguing that they were not supported by fact or law.

The district court ruled in favor of Defendant regarding the claim that Defendant provided unsafe work materials and determined that this claim was not supported by the facts. With regard to the negligent hiring claim, the district court relied on *Tafoya v. Rael*, 2008-NMSC-057, 145 N.M. 4, 193 P.3d 551, and found that Plaintiffs' claim was not supported by law. The district court explained that, under *Tafoya*, Plaintiffs must demonstrate that Defendant knew that Chacon was both "unlicensed and that he was unqualified to perform dangerous work." It found that "Plaintiffs have failed to raise a disputed issue of material fact regarding Defendant's knowledge that Chacon was unlicensed and that he was not qualified to work as a framer."

Particularly under the facts of the instant case, the district court refused to extend the holding in *Tafoya* to conclude that a contractor's constructive knowledge that a subcontractor is unlicensed is sufficient to impose a duty of care. The court reasoned that Plaintiffs' constructive knowledge argument asked it to create a duty for

3

a defendant contractor to investigate whether the documentation provided by a subcontractor that implied that the subcontractor was licensed was false and misleading. As a result, the district court granted Defendant's motion for summary judgment on all of Plaintiffs' claims. Plaintiffs timely filed an appeal of the summary judgment decision with regard to the negligent hiring claim.

**STANDARD OF REVIEW**

"An appeal from the grant of a motion for summary judgment presents a question of law and is reviewed de novo. Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971 (internal quotation marks and citations omitted). At issue in this tort case is the existence of a duty, which is a question of law for the courts. *See Solon v. WEK Drilling Co.*, 113 N.M. 566, 571, 829 P.2d 645, 650 (1992) ("It is thoroughly settled in New Mexico, of course, that whether the defendant owes a duty to the plaintiff is a question of law."); *Schear v. Bd. of Cnty. Comm'rs*, 101 N.M. 671, 672, 687 P.2d 728, 729 (1984) ("Whether a duty exists is a question of law for the courts to decide.").

**DISCUSSION**

The district court relied on the actual knowledge standard set forth in *Tafoya* when it granted summary judgment in favor of Defendant. On appeal, the parties ask

this Court to determine how far a general contractor must go, if at all, to investigate the qualifications of subcontractors that he intends to hire. Plaintiffs assert that the correct legal standard is that an employer who engages an independent contractor with either actual or constructive knowledge that the contractor does not possess that measure of skill required for the proper performance of the work is liable for negligence in hiring the incompetent contractor. Defendant responds that a constructive knowledge standard would be inconsistent with both the holding in *Tafoya* and the precedent that our New Mexico Supreme Court relied upon to reach its decision in *Tafoya*.

In *Tafoya*, our Supreme Court recognized a duty of a general contractor to an independent contractor whom the general contractor actually knows is not licensed. 2008-NMSC-057, ¶ 26. It was undisputed in *Tafoya* that the general contractor had actual knowledge that the independent contractor was unlicensed. *Id.* ¶ 4. As such, the Supreme Court included the following qualifying language:

> The duty we recognize is stated in terms of the as-yet-undisputed facts of this case; i.e., a duty to take appropriate measures so that independent contractors whom the general contractor knows are unlicensed do not perform dangerous work that requires a license. We offer no opinion as to whether the duty extends outside the parameters of the general contractor's actual knowledge, which is undisputed in this case for purposes of summary judgment, or how far a general contractor must go, if at all, to investigate the qualifications of the independent contractor he intends to hire.

*Id.* ¶ 26 (emphasis omitted).

Plaintiffs argue that the Supreme Court's qualifying language in *Tafoya* "explicitly left open the question of what knowledge was required" to impose a duty of care on a general contractor and submit that the district court applied the wrong legal standard when it granted summary judgment in favor of Defendant.

According to Plaintiffs, the fact that Chacon was not a licensed framer automatically made him unqualified and unfit to perform his work as a framer. It is clear that an employer can be held directly liable for negligent hiring under the common law duty to members of the public whom the employer might reasonably anticipate would be placed in a position of risk of injury as a result of the hiring. *See Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 2007-NMCA-122, ¶ 28, 142 N.M. 583, 168 P.3d 155; *Valdez v. Warner*, 106 N.M. 305, 307, 742 P.2d 517, 519 (Ct. App. 1987) ("In order to support an instruction on negligent hiring and retention, *there must be evidence that the employee was unfit*, considering the nature of the employment and the risk he posed to those with whom he would foreseeably associate, and that the employer knew or should have known that the employee was unfit." (emphasis added) (citations omitted)). Third party liability, therefore, is recognized in order to protect the public from the incompetence that arises from negligently hiring an unqualified subcontractor. *See Tafoya*, 2008-NMSC-057, ¶¶ 15, 17 (recognizing that the Legislature intended to protect the public when it statutorily required that construction contractors be licensed and qualified to do the work they

are hired to perform).

In this case, Plaintiffs seek to disregard the qualification and fitness requirement to establish a negligent hiring claim. Instead, Plaintiffs would substitute a legal presumption that all unlicensed subcontractors are unqualified and unfit to do the work they were hired to preform. We disagree and refuse to make such a broad presumption. *See Bank of N.Y. v. Romero*, 2011-NMCA-110, ¶ 16, 150 N.M. 769, 266 P.3d 638 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument); *see also Tafoya*, 2008-NMSC-057, ¶ 19 ("General contractors . . . will be much more hesitant to hire unqualified independent contractors if they know they can be subject to *liability for injuries those workers sustain as a result of their lack of qualifications*." (emphasis added)).

In order to establish an employer's liability for negligent hiring, a plaintiff must demonstrate that the employer has not taken the care that a prudent person would take in selecting the contractor for the business at hand. *See Lessard*, 2007-NMCA-122, ¶ 28 ("Negligence in hiring or retention is based on the employer's negligent acts or omissions in hiring or retaining an employee when the employer knows or should know, through the exercise of reasonable care, that the employee is incompetent or unfit."). The record in this case only establishes that Chacon was an unlicensed

framer when he was hired to do framing work on Defendant's construction projects. At that time, no contested issue of fact existed regarding Chacon's qualifications and fitness to do the framing work. As a result, we will only address whether Defendant had actual or constructive knowledge of Chacon's licensing status if Plaintiffs factually establish that Chacon was unqualified or unfit to perform the framing work Defendant hired him to perform. *See S. Farm Bureau Cas. Co. v. Hiner*, 2005-NMCA-104, ¶ 9, 138 N.M. 154, 117 P.3d 960 ("A defendant seeking summary judgment bears the initial burden of negating at least one of the essential elements upon which the plaintiff's claims are grounded. Once such a showing is made, the burden shifts to the plaintiff to come forward with admissible evidence to establish each required element of the claim." (alteration, internal quotation marks, and citations omitted)).

Chacon presented himself as a skilled framer, performed as a skilled framer, and testified that he was a skilled framer. No evidence was presented to establish that Chacon was an unfit or incompetent subcontractor. Instead, Chacon has insisted throughout the course of this trial that he is a skilled framer, and the record shows that Defendant hired Chacon on numerous prior framing jobs and there was no indication of any problems with Chacon's work. As such, Plaintiffs have failed to present evidence that Chacon lacked the measure of skill and fitness necessary to properly perform the work for which he was hired. *See Lent v. Emp't Sec. Comm'n*, 99 N.M.

8

407, 410-11, 658 P.2d 1134, 1137-38 (Ct. App. 1982) (recognizing that once movants make a prima facie showing of entitlement to summary judgment, the party opposing the motion has the burden of showing there was an issue defeating summary judgment).

The mere fact that Chacon was unlicensed at the time of his injury, in and of itself, is not sufficient to find Chacon unqualified and unfit, thereby creating a legal duty upon Defendant for negligent hiring. The only evidence in the record establishes that Defendant used reasonable care in hiring a skilled framer. Therefore, we conclude that the district court did not err when it granted summary judgment in favor of Defendant on Plaintiffs' negligent hiring claim. *See Glaser v. LeBus*, 2012-NMSC-012, ¶ 12, 276 P.3d 959; *Maralex Res., Inc. v. Gilbreath*, 2003-NMSC-023, ¶ 13, 134 N.M. 308, 76 P.3d 626 ("[A]n appellate court will affirm the district court if it is right for any reason and if affirmance is not unfair to the appellant." (internal quotation marks and citation omitted)). It is unnecessary to address Plaintiffs' constructive knowledge argument and address issues that may have been left unanswered in *Tafoya*.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the district court.

**IT IS SO ORDERED.**

9

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**