This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39806**

**CARLOS PHILLIPS,**

>        Plaintiff-Appellant,

v.

**NEW MEXICO DEPARTMENT OF INFORMATION TECHNOLOGY,**

>        Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Court Judge**

Western Agriculture, Resource and Business Advocates, LLP
Jared R. Vander Dussen
A. Blair Dunn
Albuquerque, NM

for Appellant

Todd Baran, General Counsel
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     Plaintiff Carlos Phillips appeals the district court's grant of Defendant New Mexico Department of Information Technology's motion for judgment on the pleadings under Rule 1-012(C) NMRA. We reverse.

**{2}**     "We review judgments on the pleadings made pursuant to Rule 1-012(C) . . . according to the same standard as motions for failure to state a claim under Rule 1-

012(B)(6) . . . . We accept as true all facts well pleaded and question only whether the plaintiff[] might prevail under any state of facts provable under the claim." *Village of Angel Fire v. Bd. of Cnty. Comm'rs of Colfax Cnty.*, 2010-NMCA-038, ¶ 5, 148 N.M. 804, 242 P.3d 371 (internal quotation marks and citations omitted).

**{3}** In his amended complaint, Plaintiff alleged that he visited Defendant's office and was attacked by the security manager. Plaintiff alleged a single cause of action under the building waiver of the Tort Claims Act, which waives sovereign immunity "for damages resulting from bodily injury . . . caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building." NMSA 1978, § 41-4-6(A) (2007).

**{4}** Defendant moved under Rule 1-012(C) for judgment on the pleadings, arguing that Plaintiff failed to plead facts showing a waiver of sovereign immunity under Section 41-4-6(A). According to Defendant, Plaintiff was required to plead facts showing that Defendant knew or should have known that its employee posed a danger to the general public or visitors to the building, but Plaintiff failed to do so. In support, Defendant relied solely on federal caselaw applying the federal pleadings standard.[1] *See Smith v. New Mexico*, No. 20-591, 2020 WL 6702018, at *3 (D.N.M. Nov. 13, 2020) (applying the *Iqbal/Twombly* federal standard of review). Plaintiff, in response, alleged that his complaint was sufficient to put Defendant on notice of the claims against it. We agree with Plaintiff.

**{5}** Unlike federal courts, New Mexico courts have long adhered to a notice pleading standard, "requiring only that the plaintiff allege facts sufficient to put the defendant on notice of his claims." *Madrid v. Vill. of Chama*, 2012-NMCA-071, ¶ 17, 283 P.3d 871; *see also Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 12, 335 P.3d 1243 (stating that "the principal function of pleadings is to give fair notice of the claim asserted" and that "New Mexico's appellate courts have gone to great lengths to keep the path to justice clear for all who would use it, regardless of their familiarity with the law"). "It is sufficient that defendants be given only a fair idea of the nature of the claim asserted against them sufficient to apprise them of the general basis of the claim; specific evidentiary detail is not required at the complaint stage of the pleadings." *Zamora*, 2014-NMSC-035, ¶ 12 (alterations, internal quotation marks, and citation omitted).

**{6}** Plaintiff's complaint adequately informed Defendant of the general nature of Plaintiff's claims and the key facts and actors relevant to his cause of action. *See id.* ¶ 14. What is more, Plaintiff alleged that "If not for [Defendant]'s negligence in hiring,

---

[1]On appeal, Defendant does not advance the same argument it made in the district court; instead, Defendant raises various arguments about the government's direct and vicarious liability under the Tort Claims Act for intentional torts committed by an employee. Defendant did not raise these arguments below. While an appellee is not strictly required to preserve arguments for appeal, we decline to consider Defendant's "right for any reason" argument because it relies entirely on grounds not presented to the district court and doing so would be unfair to the appellant. *See Eldin v. Farmers Alliance Mut. Ins. Co., 1994-NMCA-172, ¶ 21,* 119 N.M. 370, 890 P.2d 823 (declining to consider grounds upon which the right for any reason doctrine was asserted on appeal because it would be unfair to the appellants who did not receive notice below).

supervising, and/or retaining the security manager and therein the operation of the building's security harm would not have come to . . . Plaintiff." Plaintiff's allegation of negligent hiring, supervision, or retention is essentially an allegation that Defendant knew or should have known that its employee posed a risk of harm. *See Valdez v. Warner*, 1987-NMCA-076, ¶ 11, 106 N.M. 305, 742 P.2d 517 (stating that in order to support finding of negligent hiring, the plaintiff must establish that employer knew or should have known that employee was unfit, and noting that "liability flows from a direct duty running from the employer to those members of the public whom the employer might reasonably anticipate would be placed in a position of risk of injury as a result of the hiring"). Taking these well-pleaded facts as true and construing them in a light most favorable to Plaintiff, as we must, *see Village of Angel Fire*, 2010-NMCA-038, ¶ 5, we conclude that Plaintiff's complaint adequately states facts that provided Defendant with sufficient notice of his theory of liability and waiver. We therefore reverse the district court's dismissal of Plaintiff's amended complaint under Rule 1-012(C).

**CONCLUSION**

**{7}**     We reverse and remand for further proceedings consistent with this opinion.

**{8}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MICHAEL D. BUSTAMANTE, Judge,
retired, sitting by designation**