381 P.2d 960

**Carmella L. FORBES, Plaintiff-Appellant,**

v.

**N. L. RUFF, d/b/a Leawood Motel, Defendant-Appellee.**

**No. 7176.**

Supreme Court of New Mexico.

April 15, 1963.

Rehearing Denied June 12, 1963.

William J. Heck, Hobbs, for appellant.

Girand, Cowan & Reese, Hobbs, for appellee.

COMPTON, Chief Justice.

This is an action for personal injuries sustained by appellant as the result of

stumbling and falling over "clumps" of ice which appellee allegedly permitted to accumulate adjoining a carport adjacent to a motel room occupied by appellant as a paying guest. Issue as to negligence was joined by general denial. Appellant's negligence was also pleaded as a defense.

On the issues thus framed a jury found for the appellant. Subsequently the court sustained appellee's motion for judgment non obstante veredicto, set aside the verdict, and dismissed the complaint.

The facts are undisputed. At approximately 6:45 P.M., December 11, 1960, the appellant and a lady companion checked into appellee's motel in Hobbs. Previously it had been snowing and they parked their automobile in the main driveway rather than in a space provided under a carport adjacent to their room. The temperature then stood between 45 and 50 degrees. The main driveway was covered with water, slush, ice and snow. While there was no ice under the carport, there was some moisture. On the way to their motel room the appellant then noticed that water was dripping from the carport roof onto an incline connecting the driveway to the carport.

During the night the temperature continued to fall. Water that had been dripping from the roof of the carport onto the incline had built up "clumps" of ice some 3 inches high. About 8:30 the next morning the appellant, while in the act of going from her motel room to her automobile, stumbled on the "clumps" of ice thus formed and fell.

The court found and concluded that (a) appellant failed to prove appellee's knowledge of the dangerous condition had existed for a sufficient length of time to have corrected it; (b) that the existing condition was well known to appellant, and that there was no evidence or circumstances tending to establish appellee's negligence. Judgment was entered accordingly and the appellant appealed therefrom.

■ The question on appeal is whether the evidence, together with all reasonable inferences arising therefrom, presented an issue for the jury. In this respect, we must view the evidence in the light most favorable to the plaintiff, indulging in her favor every reasonable inference that may be drawn therefrom, and if reasonable minds may differ, the evidence presents a proper issue for the jury, otherwise, it should be withdrawn. Stranczek v. Burch, 67 N.M. 237, 354 P.2d 531; Bryan v. Phillips, 70 N.M. 1, 369 P.2d 37; Michelson v. House, 54 N.M. 197, 218 P.2d 861.

■ In a situation such as this, it is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to an invitee going upon the property that forms the true basis of lia-

bility. Conversely, he is under no legal duty with regard to dangerous instrumentalities of which he has no knowledge, or which by the exercise of reasonable diligence he is unable to ascertain. But assuming, without deciding, that appellee did not exercise ordinary care, if the unsafe condition causing the injury was in fact known to the appellant, such fact denies her recovery. Dominguez v. Southwestern Greyhound Lines, Inc., 49 N.M. 13, 155 P. 2d 138; Caldwell v. Johnsen, 63 N.M. 179, 315 P.2d 524. Compare Giese v. Mountain States Telephone & Telegraph Co., 71 N.M. 70, 376 P.2d 24; Hallet v. Furr's Inc., 71 N.M. 377, 378 P.2d 613; Cates v. Evans, (Mo.App.), 142 S.W.2d 654; Wessner v. Blue Ridge Transportation Co., 338 Pa. 161, 12 A.2d 559; Van v. Teche Lines Inc., (La.App.), 164 So. 267. It is obvious that she had actual knowledge of the dangerous condition confronting her as she attempted to walk over the icy spot. She testified that the ice clumps on the morning of the 12th of December, 1960, were about 3 inches high, plainly visible, that she saw them as she proceeded toward her car, and that after taking some two steps, she stumbled on the clumps and fell. She was the key witness in the case and from her own testimony it is clear that the accident was caused by her own negligence. There is no room for reasonable minds to conclude otherwise.

We conclude that the court properly set aside the verdict. The judgment should be affirmed, and it is so ordered.

CARMODY, CHAVEZ, NOBLE and MOISE, JJ., concur.