380 P.2d 828

Claude CRENSHAW, Plaintiff-Appellant,

v.

FIRESTONE TIRE & RUBBER COMPANY,
a corporation, Defendant-Appellee.

No. 7174.

Supreme Court of New Mexico.

April 15, 1963.

William W. Osborn, Roswell, for appellant.

Atwood & Malone, Paul A. Cooter, Roswell, for appellee.

MOISE, Justice.

Plaintiff appeals from the action of the trial judge in granting summary judgment in favor of defendant in a case where plaintiff slipped and fell on the ice on defendant's parking lot.

From the complaint and plaintiff's affidavit filed in the cause, it appears that plaintiff entered defendant's lot at about 9:00 A.M. for the purpose of purchasing a set of snow tires. Plaintiff parked his car about 20 feet from the entrance to defendant's store, got out of the car and started around the car toward the door of the store when he fell on the snow covered ice.

It appears there had been a considerable fall of snow the day before the plaintiff's accident. However, it had not snowed after about 5:30 P.M. the day before. When plaintiff left his residence on the morning of the fall, his driveway was slippery, as were the streets. According to plaintiff, there was snow and ice all over town and he saw ice on the parking lot. There were tracks in the snow on defendant's lot. These had been made by other cars. Under this state of facts, the trial court determined as a matter of law that defendant was not negligent, and on this appeal we must decide whether it was error to so conclude.

The situation here present differs from Hallett v. Furr's, Inc., 71 N.M. 377, 378 P.2d 613, only in the fact that whereas there the storm was still in progress and had not abated, here there had been no fall of snow between 5:30 P.M., the evening before, and 9:00 A.M. the following morning, when the accident occurred. Does this difference in the fact situation require a different result?

We quote the following from Hallett v. Furr's, Inc., supra:

"Two principles are evident from these authorities, first, that the store owner must have a reasonable opportunity to correct a dangerous condition, and while a storm is in progress, as in the present case, this opportunity is not a subject of debate, and, second, even granting an opportunity might be present, where the ice or snow is smooth and level and not ridged or rutted, the store owner has no greater duty to prevent injury than the invitee has to protect himself or herself, since the dangers involved are universally known and are equally apparent to each party."

Whereas, the first part in the quotation disposed of the issues in Hallett, the second covers the instant case. We do not think there is room for disagreement among reasonable men that the dangers present under the facts considered in a light most favorable to plaintiff, were universally known and equally apparent to both plaintiff and defendant, and accordingly, there is no liability.

Under such circumstances, we held, in De Baca v. Kahn, 49 N.M. 225, 161 P.2d 630, there could be no recovery by a plaintiff who slipped and fell on an oily spot in a store.

The rule as announced conforms to 2 Restatement of the Law of Torts, § 343, which states:

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he

"(a) knows, or by the exercise of reasonable care could discover, the condition which, if known

to him, he should realize as involving an unreasonable risk to them, and

"(b) has no reason to believe that they will discover the condition or realize the risk involved therein, and

"(c) invites or permits them to enter or remain upon the land without exercising reasonable care

"(i) to make the condition reasonably safe, or

"(ii) to give a warning adequate to enable them to avoid the harm without relinquishing any of the services which they are entitled to receive, if the possessor is a public utility."

Plaintiff argues that there being a disputed issue of fact present, it was error for the court to grant summary judgment. That this is the rule cannot be denied. Buffington v. Continental Casualty Co., 69 N.M. 365, 36 P.2d 539. However, this is not the situation here present. If we recognize the facts to be exactly as asserted by plaintiff, and grant all favorable inferences in connection therewith, there would still be no basis for recovery under the rules stated above. Bogart v. Hester, 66 N.M. 311, 347 P.2d 327.

The judgment appealed from is affirmed. It is so ordered.

COMPTON, C. J., and CARMODY, CHAVEZ and NOBLE, JJ., concur.