394 P.2d 594

**Anita O. CARTER and Gilbert Carter, Plaintiffs-Appellants,**

**v.**

**LeRoy DAVIS and Mary Davis, d/b/a La Loma Motel, Defendants-Appellees.**

No. 7432.

Supreme Court of New Mexico.

Aug. 3, 1964.

Arturo G. Ortega, Willard F. Kitts, Albuquerque, for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, Jr., Albuquerque, for appellees.

C. C. McCULLOH, District Judge.

Plaintiffs appeal from a summary judgment in favor of defendants. The case is one where the plaintiff slipped and fell on snow in front of defendants' motel office.

The defendants were the operators of La Loma Motel in Las Vegas, New Mexico. The plaintiff, Anita Carter, checked into the motel as a guest late in the afternoon of December 12, 1960, while driving alone from Colorado to El Paso, Texas. Snow had been falling in Las Vegas in the hours or days prior to plaintiff's arrival and continued to fall on the morning of the accident. Defendant, Mary Davis, had swept the area clean immediately in front of the motel office twice before 8:00 A.M., on December 13th. This area was paved and at the time of the accident, was covered with less snow than the surrounding area of the motel premises which had not been cleared.

Early in the morning of December 13th, plaintiff stopped by the motel office on her way to breakfast at a restaurant across the street. Defendant, Mary Davis, cautioned plaintiff about crossing the street which was covered with snow and particularly with reference to using the inclined driveway.

Defendants left about 8:30 A.M., to go to Santa Fe, and left the office in charge of a niece with instructions to keep the area in front of the office swept. Plaintiff returned from breakfast about 8:30 A.M., and about 9:30 A.M. she went from her room to the office to inquire about the road conditions. As she stepped out of the office, a distance of two to six feet, she slipped and fell in the area previously swept by defendant. Plaintiff stated the snow which had fallen between 8:30 and 9:30 A.M., was about a quarter of an inch in depth in the area of the fall and was still falling at the time she fell. A disinterested witness who saw the accident from across the street and came to assist her stated the depth of

snow in the area of the fall was about an inch deep, possibly a little more or less. Both agreed the snow was not as deep in the previously swept area where the fall occurred as it was in the surrounding area of the premises. The defendant, Mary Davis, stated the area in front of the office was clear of snow when she left at about 8:30 A.M., and was likewise clear of snow when she returned from Santa Fe about 3:30 P.M.

No one saw any ice in the area of the fall, although plaintiff claimed she slipped as though on a patch of ice under the snow. There were no obstructions or defects in the pavement, which was level in front of the office except for a very slight decline toward the street.

Thus we have the question of whether defendants were free from negligence as a matter of law, and whether the dangerous condition caused by natural elements was equally apparent to the plaintiff as to all others.

■ Counsel agree that the two principal fact issues concern the weather conditions and the condition of the site of the fall at the time of and immediately prior thereto. We fail to find any substantial conflict in the evidence concerning weather conditions on the morning when the fall occurred. The plaintiff recalled that it was snowing off and on and believed it was still snowing when she fell. Whether the snow was one fourth inch or one or two inches in depth is not material since it is common knowledge that either is slippery and could cause a fall.

■ Two New Mexico cases are ample authority for our decision in this case. The first of these is Hallett v. Furr's, Inc., 71 N.M. 377, 378 P.2d 613, in which the following language appears:

"Two principles are evident from these authorities, first, that the store owner must have a reasonable opportunity to correct a dangerous condition, and while a storm is in progress, as in the present case, this opportunity is not a subject of debate; and, second, even granting an opportunity might be present, where the ice or snow is smooth and level and not ridged or rutted, the store owner has no greater duty to prevent injury than the invitee has to protect himself or herself, since the dangers involved are universally known and are equally apparent to each party."

If we assume the snow had stopped prior to the fall, the case of Crenshaw v. Firestone Tire & Rubber Company, 72 N.M. 84, 380 P.2d 828, provides authority under almost identical circumstances, where the second principle laid down in the Hallett case, supra, was applied. The main difference between the facts in the Crenshaw

case and the case at bar is that in the Crenshaw case the snow had stopped the afternoon preceding the fall which occurred 20 feet or less from the door being approached by plaintiff, while here the snow may or may not have ceased at the time of the fall which occurred at a point only a step or two outside the door used by plaintiff.

Both of the cases mentioned sustained summary judgments in favor of defendants. The language appearing in the Crenshaw case, at 72 N.M. 85, 380 P.2d 828 is equally applicable in the present case, as follows:

"* * * We do not think there is room for disagreement among reasonable men that the dangers present under the facts considered in a light most favorable to plaintiff, were universally known and equally apparent to both plaintiff and defendant, and accordingly, there is no liability."

We do not consider that the additional distinguishing characteristic that the instant case involves an innkeeper-guest relationship, whereas the cited cases did not, requires application of a different rule, or a different result. See Forbes v. Ruff, 72 N.M. 173, 381 P.2d 960. The same can be said concerning the other distinctions attempted by plaintiff in her argument that the rules announced in Hallett and Crenshaw, supra, are not applicable to the facts of this case.

Finding no error, the judgment below is affirmed.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.