418 P.2d 58

**Verner S. DEMPSEY, Plaintiff-Appellant,**

**v.**

**ALAMO HOTELS, INC., Defendant-Appellee.**

**No. 7936.**

Supreme Court of New Mexico.

Sept. 12, 1966.

Paul A. Phillips, Albuquerque, for appellant.

Shipley, Seller & Whorton, Alamogordo, for appellee.

## OPINION

LaFEL E. OMAN, Judge, Court of Appeals.

This is an appeal by the plaintiff from a summary judgment entered in favor of defendant. The parties will be referred to as plaintiff and defendant.

The plaintiff, at the time of the accident out of which this cause arises, was 46 years of age and employed as a civilian logistician by the United States Air Force. The duties of his employment required his travel to different points in the United States, and one of these points was Alamogordo, New Mexico. When in Alamogordo, he stayed at a motel owned and operated by defendant. He had stayed at this motel on probably three occasions prior to the occasion of the accident.

On the first three of these occasions he had found, in addition to a cloth bath mat designed for use outside the bath tub, a paper mat in the tub which he had used to stand on while taking a shower bath. On the fourth occasion, he and a fellow employee arrived at the motel at about 4:00 P.M. on July 15, 1963. They rented a room which they occupied together. Shortly after they occupied this room they both noticed the cloth bath mat for use outside the tub, and they both noticed the absence of the paper mat from inside the tub.

At about 9:30 P.M. and before retiring, the plaintiff again noticed the absence of the paper mat from inside the tub.

He awakened at about 6:00 A.M. the following morning and proceeded to the bathroom to take a shower. He again noticed the paper mat was missing and again looked for it. When he failed to find it, he turned on the water in the shower, adjusted the water temperature, stepped into the tub and proceeded to take his shower.

The bathroom, except for the absent paper mat, was furnished and equipped just as were the other bathrooms which he had used in connection with his prior stays at this motel. He had also used like paper mats for taking showers in tubs at other places.

This bathroom was equipped with a recessed soap dish and a grab bar in the wall at the side and above the tub, a towel bar at one end and above the tub, the shower head and water faucets at the other end of the tub, a shower curtain inside the tub, and some small circular towel racks in which towels were stacked. The bathroom, and

particularly the tub, was clean. There is no claim of any foreign substance being present in the tub or elsewhere in the bathroom. Before plaintiff proceeded to take his shower, the tub surface on which he stood was clean, dry, and of smooth enamel. He had been in the shower for some three or four minutes. During this time the water was running from the shower head, and he had soaped his body while holding on to the towel bar opposite the faucets and the shower head. He undertook to turn around in the tub for the purpose of washing off the soap, when one foot went out from under him and he began to slide toward the faucets. He still had his hand on the towel bar, but his hand was wet and it slipped from the bar. He fell in the tub, injuring his head, a shoulder and a hip.

He filed suit for damages he allegedly sustained as a result of his fall. The depositions of the plaintiff and his fellow employee were taken. The facts just related were developed in the course of the taking of these depositions, and in particular were developed by the testimony of plaintiff. Based upon the pleadings and these depositions, the trial court granted summary judgment for defendant.

The sole issue in this case is whether or not the pleadings and depositions show that there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law, as provided in Rule 56(c) of the Rules of Civil Procedure for the district courts of the State of New Mexico, which appears as § 21–1–1(56)(c), N.M.S.A.1953 and which is identical with Rule 56(c) of the Federal Rules of Civil Procedure.

The plaintiff calls to our attention our holdings construing the applicability of Rule 56(c) in the cases of Hewitt-Robins, Inc. v. Lea County Sand & Gravel, Inc., 70 N.M. 144, 371 P.2d 795; Coca v. Arceo, 71 N.M. 186, 376 P.2d 970; Sandoval v. Board of Regents, 75 N.M. 261, 403 P.2d 699; Jones v. New Mexico School of Mines, 75 N.M. 326, 404 P.2d 289. We in no way intend to depart from the principles and interpretations announced in our decisions in those cases.

However, we cannot disregard the fact that Rule 56(c) does contemplate that a case shall be terminated by a summary judgment when it is made to appear from the pleadings, depositions, and admissions on file, together with the affidavits, if any, that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. We have held in many cases, including cases involving a slip-and-fall by a business invitee against his invitor, that summary judgment was properly entered. See, e. g., Hallett v. Furr's, Inc., 71 N.M. 377, 378 P.2d 613; Crenshaw v. Firestone Tire & Rubber Co., 72 N.M. 84, 380 P.2d 828; Carter v. Davis, 74 N.M. 443, 394 P.2d 594.

None of the slip-and-fall cases decided by this court has involved a fall in a bath tub, and we find very few reported cases involving such falls. We have, however, on more than one occasion, quoted with approval the rule announced in the Restatement of the Law of Torts relative to the liability of a possessor of lands for bodily harm caused to business visitors by a natural or artificial condition thereon. Crenshaw v. Firestone Tire & Rubber Co., supra; Sandoval v. Board of Regents, supra; Mozert v. Noeding, 76 N.M. 396, 415 P.2d 364 (1966). In this latest case, in quoting with approval from the restatement, we stated:

"This rule of liability is now set forth in Restatement of the Law of Torts 2d, § 343, in the following language:

'A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.'"

Plaintiff concedes in his brief in chief that:

"It is common knowledge that a paper mat in a bathtub will reduce the probabilities of slipping while taking a shower in a bathtub. * * *"

He was fully aware of the absence of the mat, and in fact looked about for it just before proceeding with his shower. Thus, the absence of the mat and the increased danger of slipping by reason of its absence was not a condition which defendant should have expected would not be discovered or the danger realized by the plaintiff. The plaintiff admittedly discovered the condition and realized the danger, but he undertook to protect himself against such danger by holding on to the towel bar. The protection proved to be inadequate, but this was the course of protection which he elected to pursue against the known and assumed danger. There was no compulsion on him to take a shower, and certainly no compulsion to take a shower without securing a mat. He did, in fact, during the evening following his fall, call the desk on the house phone and mats were delivered to the room. In the case of Miller v. Shull, 48 So.2d 521 (Fla.1950), a demurrer to plaintiff's amended declaration was sustained and judgment for defendant was affirmed. In this case it was alleged that defendant, who operated the hotel where plaintiff was a guest, negligently failed to remove a certain slippery substance from the tub, and the plaintiff, upon stepping into the tub and upon said slippery substance, slipped and fell. The

decision of the Florida court was apparently predicated upon the contributory negligence of plaintiff in failing to discover the slippery substance. In commenting upon the respective duties of the parties, the Florida court stated:

> " * * * Thus, while a hotel guest, or other business invitee, is entitled to expect that the proprietor will take reasonable care to discover the actual condition of the premises and either make them safe or warn him of dangerous conditions, the proprietor has a right to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses. Dingman v. A. F. Mattock Co., 15 Cal.2d 622, 104 P.2d 26. As stated in Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366, 368, 'The law does not require a proprietor of a public place to maintain his premises in such condition that an accident could not possibly happen to a customer. Plaintiff was in turn obligated to exercise a reasonable degree of care for her own safety. * * The duty which the plaintiff owes to herself is to observe the obvious and apparent condition of the premises.' See also Tutwiler v. I. Beverally Nalle, Inc., 152 Fla. 479, 12 So.2d 163."

In the case of Lincoln Operating Co. v. Gillis, 232 Ind. 551, 114 N.E.2d 873, which involved a fall in a bath tub, the alleged negligence was that of failing to clean the tub and in permitting a soap-like scum and slippery substance to accumulate on parts of the bottom and lower sides of the tub. The Indiana court affirmed a judgment for the plaintiff who fell while taking a shower in the tub. This court disagreed with the holding of the Florida court in the case of Miller v. Shull, supra, but it did observe that:

> " * * * it is a matter of common experience that water makes an enamel or porcelain tub more slippery than a dry tub, it is also a matter of common experience that millions of people take baths in such tubs without ever falling or injuring themselves. * * *"

As already noted above, in the present case the tub was clean and dry prior to the time plaintiff turned on the water in preparation for his shower.

In the case of Coyle v. Beryl's Motor Hotel, (1961), Ohio App., 171 N.E.2d 355, the plaintiff, who slipped and fell while taking a shower in a combination tub and shower bath, appealed from a judgment entered upon a verdict directed for defendant at the close of plaintiff's case. Here suit was predicated upon the alleged negligence of defendant in four particulars:

> "1. Failing to provide a bath or tub mat.

> "2. In failing to provide suitable racks to aid and assist defendant's guests.

> "3. In failing to provide a tub with safety construction on its bottom.

"4. In failing to warn plaintiff that its tub was extremely slick and hazardous and likely to cause injury to persons using it."

In affirming the judgment on the ground that no negligence was alleged or proved on the part of the defendant, the Ohio court had the following to say:

"The dearth of cases on the question of falling in showers or tubs is astounding. There is almost a paucity of precedent. The scarcity of adjudicated cases indicates to us that the trend in the law is against the theory seeking to hold an innkeeper responsible who provides paying guests with a place to bathe. It also indicates that no penalty is to be invoked against an innkeeper who provides the facilities for guests to achieve the second highest virtue in our moral scale, namely, cleanliness.

\*   \*   \*   \*   \*   \*

"We all realize that a baked enamel surface on a steel or cast iron foundation which is covered with running water and possibly soap is a surface that has limited traction and makes slipping an ever present possibility. This fact is known to every person who has ever taken a bath. \*   \*   \*"

We need not decide, as the Ohio court did, that the failure to provide a bath or tub mat for use in a smooth-bottomed tub does not constitute negligence on the part of the business invitor, or even that such failure presents a question of fact as to whether it is or is not negligence. Our determination of this case requires no such decision.

In the case of LaBart v. Hotel Vendome Corp., 213 F.Supp. 958 (D.Mass.1963), the plaintiff fell while taking a shower. In answer to an interrogatory requesting her to detail all that defendant did or failed to do which in any way caused or contributed to cause her accident, the plaintiff answered:

"The tub was very smooth and shiny. No bath mat was provided by the defendant."

The defendant's motion for summary judgment was allowed. In his decision the court stated:

"Even if it be assumed that the absence of a bath mat created a condition which was dangerous to a person situated as was the plaintiff in the instant case, the Massachusetts decisions make it clear that there is no duty resting upon defendant to warn plaintiff of a condition which was open and obvious to anyone using ordinary diligence. See Kitchen v. Women's City Club, 267 Mass. 229, 166 N.E. 554, 555, where with reference to a paying guest the Supreme Judicial Court stated:

"It follows that no duty is owed to a guest, where the conditions are open and obvious to an ordinarily intelligent person, to make changes in such conditions or call attention to dangers which

are apparent to the senses of such a person.' "

This is the position in which the plaintiff in the present case finds himself. He was fully aware of the absence of the bath mat, and he knew the reason for the use of such mats. As stated in the quotations above, it is common knowledge that a smooth enamel or porcelain surface becomes slippery when water is applied to this surface. It is also common knowledge that it becomes even more slippery when water and soap are both applied, and this is what the plaintiff was doing when he slipped and fell.

Although questions of negligence and contributory negligence are generally questions for the jury to decide, Hole v. Womack, 75 N.M. 522, 407 P.2d 362, we are of the opinion that reasonable minds can only conclude that plaintiff's conduct fell below the standard to which he should have conformed for his own protection, and that his conduct, even if we were to assume defendant was negligent in failing to provide the mat, was a legally-contributing cause co-operating with the negligence of defendant in bringing about his harm. This contributory negligence, even if we were to assume defendant was negligent, bars plaintiff from recovery. Caraglio v. Frontier Power Co., 192 F.2d 175 (10th Cir. 1951); Tyler v. Dowell, Inc.,

274 F.2d 890 (10th Cir. 1960); Silva v. Waldie, 42 N.M. 514, 82 P.2d 282; Ford v. Etheridge, 71 N.M. 204, 377 P.2d 386; Johnson v. Primm, 74 N.M. 597, 396 P.2d 426.

Plaintiff also must fail because of his voluntary assumption of the risk of harm to himself, even if it could be said the harm arose from negligence on the part of defendant. The absence of the bath mat and the attendant dangers in taking a shower without the use of the mat were known to plaintiff. Notwithstanding this knowledge, he proceeded to voluntarily expose himself to the danger.

The law does not permit recovery by one who is injured as a result of his voluntary exposure to a known and appreciated danger due to the negligence of another. Bogart v. Hester, 66 N.M. 311, 347 P.2d 327; Pacific Portland Cement Co. v. Bellamy, 187 F.2d 701 (9th Cir. 1951); Hall v. Ziegler, 361 Pa. 228, 64 A.2d 767; Emerick v. Mayr, 39 Wash.2d 23, 234 P.2d 1079; Mathias v. Denver Union Term. Ry., 137 Colo. 224, 323 P.2d 624; Restatement of the Law of Torts 2d, § 496A and 496C.

Finding no error, the judgment should be affirmed.

It is so ordered.

CHAVEZ, NOBLE and COMPTON, JJ., and WALDO SPIESS, J., Ct. of Apps., concur.