438 P.2d 888

T. Wilfred HUSBAND, Plaintiff-Appellant,

v.

Anthony J. MILOSEVICH and Mary Milosevich, a widow, d/b/a La Hacienda Lodge, Defendants-Appellees.

No. 8436.

Supreme Court of New Mexico.

March 25, 1968.

------◆------

Schuelke, Wolf & Lamb, Gallup, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Albuquerque, for appellees.

## OPINION

CARMODY, Justice.

This is a slip-and-fall case, which was tried to the court without a jury. Judgment having been rendered for the defendants, plaintiff appeals, principally on the theory that the trial court refused to find that the defendants had, or should have had, superior knowledge of the icy condition which caused the fall.

■ The attack is on three of the findings which were made by the trial court. One of these was to the effect that the lighting at the motel was adequate to view the surface of the paved area where the fall occurred. Plaintiff argues that there was no substantial evidence to support such a finding. There is no merit to this contention. The uncontradicted testimony supports the finding and, in addition, the trial judge inspected the premises, under similar weather and lighting conditions as those existing at the time of the accident, so he had the benefit of this view as independent evidence in addition to the testimony he had heard. See, Dotson v. Farmer's Incorporated, 1965, 74 N.M. 725, 398 P.2d 54; Board of County Com'rs of Dona Ana County v. Little, 1964, 74 N.M. 605, 396 P.2d 591; and Board of Com'rs of Dona Ana County v. Gardner, 1953, 57 N.M. 478, 260 P.2d 682.

■ The trial court also found that each of the parties had equal opportunity to detect and know of the general condition of the ground on the night in question. Plaintiff's attack on this finding, as nearly as we can understand it, is not that it is not supported by substantial evidence, but, on the contrary, that it is irrelevant and immaterial. In this connection, the plaintiff urges that the defendants should be charged with superior knowledge of the condition of their premises. We do not find this to be the law under the circumstances here. In a case such as this, the question of the knowledge of the condition is one of fact to be determined by the trier of fact. If the proprietor does not have superior knowledge of the unsafe condition while having acted as a reasonable man in attempting to keep informed, then he can hardly be charged with failure to give timely notice thereof. This is, in essence, what we attempted to say in other ice-and-snow situations such as Hallett v. Furr's, Inc., 1963, 71 N.M. 377, 378 P.2d 613; Crenshaw v. Firestone Tire & Rubber Company, 1963, 72 N.M. 84, 380 P.2d 828; and Forbes v. Ruff, 1963, 72 N.M. 173, 381 P.2d 960. Although realizing that it was decided on summary judgment, nevertheless the opinion in Carter v. Davis, 1964, 74 N.M. 443, 394 P.2d 594, also an innkeeper-guest case, completely disposes of plaintiff's argument. There is nothing in Snodgrass v. Turner Tourist Hotels, 1941, 45 N.M. 50, 109 P.2d 775, which requires any different result.

■■ The third finding which is questioned by the plaintiff is generally that the defendants did not know the surface of the paved area was icy or slippery until after the plaintiff had fallen. Plaintiff's objection to this finding is that it did not include constructive notice as well as actual notice. It seems that plaintiff urges that the defendants were under the duty to exercise reasonable care to discover the condition and that the court should have so found. In making this argument, the plaintiff submits some facts in the light most favorable to the plaintiff, but no mention is made of the evidence supporting the finding or con-

trary to the plaintiff's contentions. Thus the attack leaves much to be desired; but, in any event, the rule requires only the finding of ultimate facts, rule 52(B) (a) (2) (§ 21-1-1(52) (B) (a) (2), N.M.S.A. 1953). It appears to us that, when all of the findings are considered together with the conclusions flowing therefrom, the trial court was fully cognizant that the element of constructive notice was present, but that it did not deem it necessary to state the obvious. Cf., Carter v. Davis, supra. Plaintiff's attack on this finding must also fail.

The judgment of the district court will be affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.