488 P.2d 108

Carolyn Kay PROCTOR and Roger K. Proctor, Plaintiffs-Appellants,

v.

James WAXLER et al., Defendants-Appellees.

No. 606.

Court of Appeals of New Mexico.
July 2, 1971.

Certiorari Issued Aug. 19, 1971.

Willard F. Kitts, Albuquerque, for plaintiffs-appellants.

William K. Stratvert, Keleher & McLeod, Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

This is a "slip and fall" on "ice and snow" summary judgment for defendants.

We reverse.

The City of Albuquerque is the owner, and Waxler and Johnson are operators of a public parking building at Fourth and Silver in Albuquerque, New Mexico. Carolyn Kay Proctor was a tenant who regularly occupied an automobile parking space for rent on the uncovered top floor. Johnson and Waxler maintained and operated the structure under a lease from the City of Albuquerque. The top floor, including the ramp leading to that floor, contains 28,647.-79 square feet.

On December 2, 1968, the car park opened for business at 6:45 a. m., with Waxler arriving at 6:40 a. m. Proctor arrived at the car park around 8:15 a. m. It had snowed early in the morning, but it is not clear whether it had stopped snowing before Proctor and another patron arrived. Upon arrival on the top floor of the car park, at the place where Proctor parked, there was one to three inches of serene, fresh snow. She parked in her regular place, alighted from the car and started

walking slowly to the elevator to the west and north of her car, and did not notice that ice lay beneath the snow. After she walked about 15 feet from her car, she suddenly slipped and fell on snow or covered ice and landed on her back. Another patron, coming to her rescue, also slipped and fell on the snow-covered surface. Both of them then noticed the slipperiness of the walking surface. Proctor was wearing "black patent flat heeled shoes," and the snow was not above the shoe level.

No inspection was made by defendants of the top floor until 9:00 a. m., after Proctor's fall. Defendants had on the premises for use on ice and snow, shovels, brooms and salt. It was understood these implements would be used "when necessary," and Waxler was the one who "would have used the implements and material."

The trial court found there was no genuine issue as to any material fact, and that defendants were entitled to judgment as a matter of law.

We shall not repeat again the many rules which guide a trial court to summary judgment. The questions in this case are: Was there a genuine issue of fact as to, (1) defendants' negligence; (2) Proctor's assumption of risk; and (3) Proctor's contributory negligence?

A. *Issue as to Defendants' Negligence.*

There are three New Mexico cases on "ice and snow" where a patron slipped and fell. Carter v. Davis, 74 N.M. 443, 394 P.2d 594 (1964); Crenshaw v. Firestone Tire & Rubber Co., 72 N.M. 84, 380 P.2d 828 (1963); Hallett v. Furr's, Inc., 71 N.M. 377, 378 P.2d 613 (1963). In each case, summary judgment was entered for defendant. Each case was decided before 1965.

In *Crenshaw* the court relied on 2 Restatement of the Law of Torts, § 343. This section was amended in Restatement of Law of Torts 2d, § 343 (1965), after each of the above cases had been decided. Mozert v. Noeding, 76 N.M. 396, 415 P.2d 364 (1966). This amended section is now applicable law in New Mexico. It need not be repeated here.

We are now concerned with the effect of the 1965 Restatement amendments on *Crenshaw, Hallett* and *Carter*. The trends establish that the 1965 amendments change the summary judgment rule therein contained. Consideration will be given only to those cases which discuss the amendments. We mention, however, in passing, Husband v. Milosevich, 79 N.M. 4, 438 P.2d 888 (1968). *Crenshaw* and *Hallett* are mentioned. *Carter* was applied. That case was tried to the court. It involved a slip and fall on the surface of a paved area which was icy or slippery. Plaintiff urged that the trial court should have found that defendants be charged with superior knowledge of the condition of the premises. The Restatement was not mentioned. Nevertheless, the court said:

> We do not find this to be the law under the circumstances here. In a case such as this, *the question of the knowledge of the condition is one of fact to be determined by the trier of fact.* If the proprietor does not have superior knowledge of the unsafe condition *while having acted as a reasonable man in attempting to keep informed,* then he can hardly be charged with failure to give timely notice thereof. [Emphasis added.]

A study of the Comments discloses that § 343 should be read together with § 343A in which "there are some situations in which there is a duty to protect an invitee against even known dangers, where the possessor should anticipate harm to the invitee notwithstanding such knowledge." Section 343A reads as follows:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*

> (2) In determining whether the possessor should anticipate harm from a known or obvious danger, *the fact that the invitee is entitled to make use of public land,* or of the facilities of a public

utility, *is a factor of importance indicating that the harm should be anticipated.* Restatement (Second) Torts § 343A (1965), at page 218. [Emphasis added].

■ We believe that an issue of fact of negligence arises as to the possessor's anticipation of harm to an invitee notwithstanding the known and obvious danger of ice and snow.

Defendants rely on Luebeck v. Safeway Stores, Inc., 152 Mont. 88, 446 P.2d 921 (1968). The facts involved are similar to those in the present case. A verdict for plaintiff was reversed and the cause dismissed because the trial court should have directed a verdict for the defendant store. The court did not follow § 343 or § 343A. It rejected the decision in Dawson v. Payless For Drugs, 248 Or. 334, 433 P.2d 1019 (1967), because *Dawson* purported to rely on the 2nd Restatement of Torts, § 343A, reasoning that the duty imposed upon the possessor "arises only when the condition is *unreasonably dangerous.*" [Emphasis by the court]. *Dawson* also held "the jury could have reasonably found that (1) the probability of harm created by the icy condition of the parking lot was *unreasonably* great. * * *" [Emphasis by the court].

The *Luebeck* court said:

We reject the Oregon rationale that natural conditions such as obvious snow and ice create such an *unreasonably dangerous* condition as to require the owner of the premises to take certain precautions. [Emphasis by the court].

The *Luebeck* court followed cases like *Crenshaw* which did not consider the 1965 Restatement amendment. We reject *Luebeck.* But we do not express agreement with *Dawson* that the condition must be "unreasonably dangerous." Section 343A does not state this, and § 343 mentions a condition which "involves an unreasonable risk of harm." This phrase was defined in Bromberg v. Gekoski, 410 Pa. 320, 189 A.2d 176 (1963), as follows:

It may generally be defined as one [a condition] attended with an unreasonable risk of harm, one that is hazardous or

unsafe or one that constitutes a danger to persons travelling thereon. It does not have to be such that is *very, very* hazardous, *very, very* unsafe or *very, very* dangerous. [Emphasis by the court].

*Dawson* did not discuss § 343. It cites Peterson v. W. T. Rawleigh Co., 274 Minn. 495, 144 N.W.2d 555 (1966), which also relied on § 343A. The Minnesota court said:

Here a jury could find defendant should have foreseen that its elderly distributors would come to the loading dock for its products and attempt to negotiate the area between the dock and the entryway despite the slippery conditions. Under such circumstances we concur in the court's holding that the evidence supports a conclusion it was defendant's duty either to make the area safe for pedestrian travel or take appropriate measures to prevent the lot from being accessible. We therefore hold it was proper to submit defendant's negligence to the jury.

Kremer v. Carr's Food Center, Inc., 462 P.2d 747 (Alaska 1969), was decided December 22, 1969, and appears to be the latest decision in ice and snow cases under the Restatement. It holds that amended § 343 is determinative. It reversed a directed verdict in favor of Carr, where the parking lot was icy and Kremer slipped in a rut six inches deep. This was not a natural accumulation, but was unnatural or artificial accumulation of ice and snow. This distinction does not appear to have been significant to the Alaska court because the court did not discuss the importance of the difference in its decision. Comments from amended § 343 are recited to the effect that "the invitee enters upon the possessor's land accompanied by an implied representation that 'the land has been prepared and made ready and safe for his reception.' A business invitee may be entitled to the undertaking of affirmative steps by the possessor of land in order to promote the invitee's safety." The court also applied § 343A. It pointed out that, even though ice and snow prevail in Alaska for

many months, such climatic conditions do not negate "the possibility that the possessor should have anticipated harm to the business invitee despite the latter's personal knowledge of the dangerous snow and ice conditions or the general obviousness of such conditions."

The court further said:

What acts will constitute reasonable care on the part of the possessor of land will depend on the particular variables of each case. Our decision today does not represent the adoption of a flat requirement that the possessor's duty requires that he attempt to keep his land free of ice and snow. Dependent on the circumstances, reasonable care on the possessor's part could be demonstrated by other reasonable acts such as the sanding of the area, or application of salt.

The court points out that *Dawson* and other cases hold the possessor has a duty to exercise reasonable care to keep the premises free of ice and snow.

For other cases which support *Kremer's* principles on the Restatement, see cases heretofore cited, and Rogers v. Tore, Ltd., 85 Nev. 548, 459 P.2d 214 (1969); Knudsen v. Merle Hay Plaza, Inc., 160 N.W.2d 279 (Iowa 1968); Gast, Inc. v. Kitchner, 247 Md. 677, 234 A.2d 127 (1967).

In summary, amended § 343 is applicable in New Mexico; this amended section imposes additional requirements upon a possessor of land in the possessor's relations with a business invitee; amended § 343 changed the standard applied in *Carter*, *Crenshaw* and *Hallett*, supra; § 343A is a limitation upon the liability imposed by § 343; the cases interpreting these restatement sections hold the question of liability in "slip and fall" on "ice and snow" cases is one of fact.

Applying the foregoing, a genuine issue of fact exists, (1) whether defendants knew or, by the exercise of reasonable care, they would have discovered the condition on the roof and whether they realized that it involved an unreasonable risk of harm to Proctor; (2) whether defendants should expect that Proctor would not realize the danger or fail to protect herself against it; and (3) whether defendants' failure to inspect, to remove ice and snow, or salt or warn Proctor, was a failure to exercise ordinary care. Since under *Carter* and *Crenshaw*, supra, it was a known and obvious danger, an issue of fact exists whether defendants should anticipate that physical harm would be caused by the condition.

We do not decide that defendants were negligent. We only decide that a genuine issue of facts exists for a jury to resolve.

B. *Assumption of Risk.*

█ Assumption of risk was raised as an affirmative defense. Did Proctor, as a matter of law, voluntarily assume the risk by walking slowly on fresh fallen snow without knowledge that it concealed ice beneath it? We do not believe so.

None of the previous New Mexico ice and snow, slip and fall cases discussed assumption of risk. It has been defined by U.J.I. 13.10, and discussed in slip and fall cases other than ice and snow.

Defendants rely solely on Dempsey v. Alamo Hotels, Inc., 76 N.M. 712, 418 P.2d 58 (1966), a bathtub slip and fall case in which Dempsey with knowledge stepped in to take a shower without a bath mat in the tub and fell injuring himself. The court held this was a voluntary exposure by Dempsey to a known and appreciated danger. It can be said that Dempsey elected to expose himself to the danger. The rule in New Mexico is that a *voluntary* exposure to danger exists only where the injured person might reasonably elect whether he should expose himself to the peril. Gray v. E. J. Longyear Co., 78 N.M. 161, 429 P.2d 359 (1967).

The foregoing New Mexico rule is consistent with Restatement, Second, Torts, § 496E which reads as follows:

(1) A plaintiff does not assume a risk of harm unless he voluntarily accepts the risk.

(2) The plaintiff's acceptance of a risk is not voluntary if the defendant's

tortious conduct has left him no reasonable alternative course of conduct in order to

(a) avert harm to himself or another, or

(b) exercise or protect a right or privilege of which the defendant has no right to deprive him.

If we assume defendants were negligent, an issue in the assumption of risk defense is whether Proctor voluntarily assumed the risk. Since under *Crenshaw* and *Carter*, supra, the danger was known and obvious, the issue is whether Proctor had a reasonable election to expose herself to the danger. *Gray v. E. J. Longyear Co.*, supra.

This reasonable election involves the "reasonable alternative course of conduct" in Restatement, Torts 2d, § 496E, supra. This alternative course of conduct is a factual question and under the record in this case, could not be decided as a matter of law.

### C. *Contributory Negligence.*

Defendants also claimed contributory negligence as a defense. In the ice and snow, slip and fall cases, supra, in which assumption of risk was held to be a factual issue, contributory negligence was accorded equal dignity.

Proctor's conduct in walking from her car to the time of her fall creates a genuine issue of fact on the matter of contributory negligence. No New Mexico citations are necessary. Defendants again rely on Dempsey v. Alamo Hotels, Inc., 76 N.M. 712, 418 P.2d 58 (1966). We see no conduct standard similarity between attempting to take a shower in a motel without a bath mat, and walking slowly on snow or covered ice with black patent flat heeled shoes. The latter does not constitute negligence as a matter of law.

The summary judgment is reversed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.